United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

**No. 03-50934**
_____

**BONNIE REED,**

**Plaintiff-Appellant,**

**versus**

**RICHARD S. HERNANDEZ, Individually, and**
**In His Official Capacity;**
**BASTROP COUNTY, TEXAS,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-02-CV-416-AA)**

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this action arising out of a refusal to rehire, Bonnie Reed appeals, *pro se*, the summary judgment awarded Sheriff Richard Hernandez and Bastrop County, Texas (jointly, the County). Reed contends, *inter alia*, that the district court reversibly erred by not allowing him to change answers to his deposition, relied on by the County in support of summary judgment. (Reed attempted to make the changes with errata sheets that do *not* comply with FED. R. CIV. P. 30(e).) **AFFIRMED.**

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reed was hired in July 1999 by the Bastrop County Sheriff's Department. In September 2000, Reed was arrested by the Bastrop Police Department for "Assault With Bodily Injury (Family Violence)", based on his estranged wife's complaint. Two days later, after Reed had been charged, the Sheriff's Department terminated his employment; the stated reason was his arrest. After the charges against Reed were dismissed, he reapplied for employment with the Sheriff's Department; he was not rehired.

Reed filed this action in state court, presenting a claim under 42 U.S.C. § 1981 for racial discrimination and numerous state law claims. The action was removed to district court. Summary judgment was awarded against Reed on all 15 of his claims.

## II.

A Summary judgment is awarded upon showing "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(C). The judgment is reviewed *de novo*, applying the same standards as did the district court. *E.g., American Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Once the movant identifies parts of the record that it believes demonstrate an absence of a material fact issue, the burden shifts to the nonmovant to identify specific facts that create such an issue for trial; allegations or denials in the pleadings are not

sufficient.  *E.g., **Edwards v. Your Credit, Inc.***, 148 F.3d 427, 431-32 (5th Cir. 1998) (citing FED. R. CIV. P. 56(e) and ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 256-57 (1986)).  In response to the County's summary judgment motion, Reed offered only untimely deposition errata sheets, which the district court would not accept as evidence.

Reed contests the summary judgment only for his claims for fraud, intentional infliction of emotional distress, and tortious interference with contract.  By failing to address the other claims, Reed has abandoned them.  *See **Yohey v. Collins***, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are abandoned).

With one exception (the County does not challenge Reed's appendix number 12), each side moved to strike the other's appendix as beyond the scope of the record on appeal.  Reed's challenged appendices are not included in the record; therefore, the County's motion to strike is **GRANTED**.  The County's appendix contains deposition excerpts that were submitted as an exhibit to its summary judgment motion; therefore, Reed's motion to strike is **DENIED**.

### A.

Reed maintains the district court erred in not considering his deposition errata sheets as evidence in opposition to summary judgment.  Generally, for reviewing a summary judgment, broad discretion is accorded evidentiary rulings; ordinarily, such

rulings will be disturbed only on a showing of manifest error. *E.g.*, ***Love v. National Medical Enterprises***, 230 F.3d 765, 775 (5th Cir. 2000).

Changes by a deponent to his deposition are controlled by FED. R. CIV. P. 30(e).  That rule provides:

> If requested by the deponent ... before completion of the deposition, the deponent *shall have 30 days* after being notified by the [court reporter] that the transcript ... is available in which to review the transcript ... and, if there are changes in form or *substance*, to sign a statement reciting such changes and the reasons given by the deponent for making them.

(Emphasis added.)  The County asserts that Reed waived his ability to correct his deposition by not timely filing the errata sheets with the court reporter.

Reed attempted to make 120 changes to his deposition answers. He concedes the errata sheets were submitted outside the 30-day period allowed by Rule 30(e).  Several of the answers he seeks to change were relied on by the County in its summary judgment motion.  The changes include:  "Yes" to "no"; "correct" to "incorrect"; "I can't say that" to "Yes, I can say that"; and inserting wholly new explanations in contradiction of his prior answers.

In addition to not making the changes to his deposition within the requisite 30-day period, Reed never submitted the changes to the court reporter.  He contends his failure to submit the errata

4

sheets in accordance with the Rule was due to an error by his attorney.

The district court based its exclusion ruling on both the untimely and otherwise improper attempted filing of the sheets and their improper subject-matter. Rule 30 (e) does not provide any exceptions to its requirements. Accordingly, the district court did not commit manifest error by excluding the errata sheets. (Therefore, we need not reach the district court's second basis for exclusion.)

## B.

The summary judgment record having been defined, next at issue is the summary judgment. It was properly awarded against Reed.

### 1.

In his deposition, Reed testified that the County committed fraud by telling his attorney that the Sheriff's Department would rehire him after the assault charges were resolved. Under Texas law, a fraud claim requires showing that: a material misrepresentation was made; the representation was false; when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth; the speaker made the representation intending the other party to act on it; that party acted in reliance upon the representation; and that party thereby suffered injury. *E.g.*, **Gaspard v. Beadle**, 36 S.W.3d 229, 235 (Tex. App. – Houston [14th Dist.] 1994, no pet.). Reed has failed to

5

present admissible evidence establishing material fact issues on any of these elements.

2.

Reed claims the County's terminating his employment post-arrest constitutes "intentional infliction of emotional distress". Under Texas law, the elements for this claim are: the defendant acted intentionally or recklessly; the conduct was extreme and outrageous; the defendant's actions caused the plaintiff emotional distress; and such emotional distress was severe. *E.g.*, ***Twyman v. Twyman***, 855 S.W.2d 619, 621 (Tex. 1993).

For two of the four elements, Reed maintains: his seeking medical treatment for depression establishes the County's conduct as being extreme and outrageous; and his emotional distress was severe because he "lost his job, lost his source of income, and was then distressed by his inability to pay his bills". Reed fails to demonstrate a material fact issue.

3.

Reed's final claim is for tortious interference with contract. Texas' employment-at-will doctrine provides that employment for an indefinite time period, as was Reed's, may be terminated without cause by either party. *E.g., **Federal Express Corp. v. Dutschman***, 846 S.W.2d 282, 283 (Tex. 1993).

Reed did not have an employment contract with the County; instead, he asserts that the County's policy manual constitutes a

6

constructive contract.   In Texas, however, "[i]t is well established ... that an application for employment, handbooks, copies of the employer's policies, and other similar documents do not constitute an agreement or contract that limits the employer's right to terminate the employment at will". *Day & Zimmermann, Inc. v. Hatridge*, 831 S.W.2d 65, 69 (Tex. App. – Texarkana 1992, writ denied).

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*