United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20861
Summary Calendar

GEORGE THOMAS,

Plaintiff - Appellant,

v.

TPI STAFFING INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas
4:04-CV-1488

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Thomas filed this action against his former employer, TPI Staffing Inc., claiming racial discrimination and hostile work environment under 42 U.S.C. § 2000e (2000), 42 U.S.C. § 1981 (2000), and TEX. LAB. CODE ANN. §§ 21.051 and 21.055 (Vernon 1998). Thomas alleges that TPI terminated his employment as a computer technician because of his Asian Indian heritage. He also contends

---

[*]Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that TPI created a hostile work environment because TPI employees frequently called him "bin Laden" and "terrorist." TPI disputes both claims, arguing that the termination was the result of Thomas violating the company's sexual harassment policy. The district court granted summary judgment to TPI. Thomas appealed.

We review the district court's decision *de novo*, recognizing that summary judgment is only appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004). To defeat summary judgment, the nonmoving party must direct the court to specific evidence that shows it can prove to a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (explaining that a party cannot defeat summary judgment with "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence"). Thomas has failed to meet this standard.

After reviewing the record and the arguments of the parties, we affirm on the grounds enumerated by the district court. *Thomas v. TPI Staffing, Inc.*, No. H-04-1488, 2005 WL 1562462 (S.D. Tex. June 19, 2005) (unpublished). Thomas has not established a *prima facie* case of discrimination. He did not provide the district court with evidence showing that someone outside his protected

2

class replaced him after the termination. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). He also failed to show that TPI treated him differently than similarly situated, non-Indian employees. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). As explained by the district court, even if Thomas had established a *prima facie* case of discrimination, he has not provided sufficient evidence to rebut the nondiscriminatory reason for his termination. *Waggoner v. City of Garland, Texas*, 987 F.2d 1160, 1165 (5th Cir. 1993). Finally, Thomas has failed to establish a *prima facie* case of a hostile work environment, given that he provided the district court unsubstantiated, inconclusive evidence on this claim. *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

We note that Thomas, proceeding *pro se*, expresses his adamant belief in the truthfulness of his claims. His belief, however, is not enough. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (explaining that "an employee's subjective belief that he suffered an adverse employment action as a result of discrimination" cannot alone defeat summary judgment). In addition, we cannot consider the new evidence proffered by Thomas at this stage in the litigation. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1327 (5th Cir. 1996). Our review is limited to

3

the record before the district court.[1]  *Id.*

AFFIRMED.

---

[1]Because our review is limited to the evidence before the district court at the time of the summary judgement, we deny Appellant's Motion for Leave to File Supplemental Appendix with documents not properly before the district court.  With respect to the documents at issue that were in the record below, we deny the motion because Thomas failed to serve copies to opposing counsel as required by Court rules.  FED. R. APP. P. 25(b)-(d).