# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2012

No. 10-30737
Summary Calendar

Lyle W. Cayce
Clerk

TILAL BABIKER,

Plaintiff - Appellant

v.

CITY OF NEW ORLEANS; ARMANDO ASSARO,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
2:08-CV-00767

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

## FACTS AND PROCEDURAL BACKGROUND

Tilal Babiker initiated this § 1983 action against the City of New Orleans and Detective Armando Assaro ("Assaro") (collectively "the defendants"), alleging that the defendants violated his right to due process and maliciously prosecuted him for first degree murder and attempted first degree murder in connection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with a July 2005 shooting that took place at Wagner's Meat Market ("Wagner's") in New Orleans, Louisiana.

In July 2005, Assaro responded to a 9-1-1 call at Wagner's and was assigned as lead detective on the case. Over the course of his investigation, Assaro interviewed several witnesses that gave descriptions of a man fleeing from Wagner's moments after the shooting. All but one of the witnesses described the fleeing man as being approximately six-feet tall and 190-200 pounds.[1] One of the witnesses told Assaro that the man fleeing from Wagner's was known as "Mohammed." Assaro then contacted the Federal Bureau of Investigation ("F.B.I.") who identified "Mohammed" as Babiker.

Based upon his investigation, Assaro obtained an arrest warrant for Babiker. Assaro subsequently arrested Babiker and charged him with first degree murder and attempted first degree murder. Babiker remained in police custody for nearly two years before the charges against him were dropped.

Upon being released from police custody, Babiker filed this suit against the defendants, alleging that the defendants violated his due process rights by procuring and using false testimony to effect the arrest of Babiker. A trial was held on July 6 and 7, 2010. After hearing the testimony, the jury returned a verdict for the defendants and against Babiker. The jury concluded that it did not find, by a preponderance of the evidence, "that Assaro violated Babiker's constitutional right to due process by fabricating evidence, withholding exculpatory evidence, procuring false testimony or knowingly using false testimony . . . ." The jury also concluded "that Detective Assaro [did not] maliciously prosecute[] Babiker for the robbery/homicide that occurred at Wagner's Meat Market." Aggrieved by the jury's findings, Babiker appeals.

---

[1] One witness, Carolyn Clemons, described the shooter as being approximately five-feet three-inches tall and 140 pounds.

No. 10-30737

On appeal, Babiker challenges the jury's verdict, alleging (1) that it erred in failing to find, by a preponderance of the evidence, that Assaro violated Babiker's constitutional right to due process by procuring false testimony or knowingly using false testimony from Rouzan to charge Babiker with first degree murder and attempted first degree murder; and (2) that it erred in failing to find, by a preponderance of the evidence, that Assaro maliciously prosecuted Babiker for first degree murder and attempted first degree murder.

## STANDARD OF REVIEW

"A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as it did." *Vadie v. Mississippi State University*, 218 F.3d 365 (5th Cir. 2000) (quoting Fed.R.Civ.P. 50(a)(1)). "We test jury verdicts for sufficiency of the evidence under the standards set forth in *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), *overruled on other grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir.1997) (en banc), viewing all of the evidence and drawing all reasonable inferences in the light most favorable to the verdict." *Scott v. University of Mississippi*, 148 F.3d 493, 504 (5th Cir.1998) (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir.1996) (en banc) (quoting *Boeing*, 411 F.2d at 374)).

## DISCUSSION

In this case, Babiker challenges the jury's verdict arguing that the evidence was insufficient to sustain a verdict for the defendants in this case.

In reviewing challenges to a jury's verdict, it is well established that the verdict must be upheld unless appellant can show that there is no substantial evidence to support it. *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). "[T]his court's standard for reviewing a jury verdict is whether the state of the proof is such that reasonable and impartial minds could reach the conclusion

3

the jury expressed in its verdict." *American Home Ins. Co. v. United Space Alliance, L.L.C.*, 378 F.3d 482, 487 (5th Cir. 2004).   In applying this standard, we have explained:

> [a] jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. On appeal we are bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. Even though we might have reached a different conclusion if we had been the trier of fact, we are not free to re-weigh the evidence or to re-evaluate credibility of witnesses.  We must not substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable.

*Foradori*, 523 F.3d at 485 (quoting *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 297 (5th Cir. 2005)).   Therefore, the jury's verdict must stand unless there was no evidence which, if believed, would authorize the jury's conclusions. *Foradori*, 523 F.3d at 485.

Here, while some facts were in dispute, it cannot be said that there was no evidence which, if believed, would authorize the jury's conclusions. *Id.* The jury heard testimony from: (1) Assaro that he interviewed a number of witnesses during his investigation; (2) Ms. Davis, who witnessed a male individual running from Wagner's that was approximately six-feet tall and 200 pounds; (3) Rouzan, who witnessed a male fleeing Wagner's carrying a gun in his left hand; (4) Rouzan, who later identified Babiker as the individual fleeing Wagner's; (5) Clemmons, who described the shooter as being five-feet three-inches tall and 140 pounds; (6) Amin Rahman, who testified that Babiker was working with him over two miles away at the time the shooting occurred; (7) Rahman, who stated that Babiker never left the store on the morning of the shooting; and (8) Babiker, who testified that he had nothing to do with the shooting that took place at Wagner's in July 2005.

No. 10-30737

Clearly, the jury had evidence supporting both the plaintiff's and defendants' version of the shooting and investigation. Babiker merely argues that the jury improperly considered Rouzan's testimony over Clemmons's. This, however, is insufficient to meet the requirement that Babiker must show that there is no substantial evidence that would support the jury's verdict. *Id.* The jury in this case was presented with the testimony and, as the law provides, determined the weight and credibility of the testimony offered. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (Credibility determinations and the weighing of the evidence are jury functions).

## CONCLUSION

Based on the foregoing, we AFFIRM the jury's verdict.