# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20466
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2016

Lyle W. Cayce
Clerk

FANNIE MAE,

     Plaintiff - Appellee

v.

DONALD SELF,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1588

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

     The district court granted summary judgment in favor of Fannie Mae. For the reasons described below, we **AFFIRM**.

## BACKGROUND

     In August of 2008, Maxey Holdings, LLC ("Maxey"), signed a note for $4,680,000.00. The note was secured by a vendor's lien and a deed of trust for

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20466

an apartment complex. Randall Crawford and Donald Self guaranteed the note. The note imposes liability on Maxey for money owed beyond the value of the collateral. Moreover, a provision of the loan documents prohibits the granting, creating, or attachment of a lien, encumbrance, or a security interest. The documents specifically include an acknowledgement by the borrower that any lien or encumbrance on the property would be considered a "transfer" constituting an event of default. In May of 2012, Maxey ceased payments. By that time, six liens had attached to the apartment complex. Fannie Mae, as holder of the note, accelerated the indebtedness and notified Maxey, Crawford, and Self of the default. The apartment complex was sold at a foreclosure sale on August 7, 2012.

Fannie Mae sued Maxey, Crawford, and Self for the deficiency—the difference between the balance of the note and the amount obtained at the foreclosure sale. Maxey failed to answer and a default judgment was entered against it. Subsequently, the district court granted summary judgment in favor of Fannie Mae against Crawford and Self. Self and Crawford agreed to pay what Maxey owed under the note in the event of an acceleration of the debt based upon the attachment of liens to the property. The district court found that Maxey materially breached the agreement by attaching six liens to the apartment complex. Specifically, the court stated that allowing liens to attach diminishes the value of the collateral and jeopardizes the holder's security. Therefore, the court determined that the breach of the lien provision constituted a material breach of the contract. Additionally, the defendant parties had failed to make payments under the Note for the months of May and June 2012—causing the loan to be in default. Accordingly, the court found that Fannie Mae properly foreclosed upon the property and Self and Crawford were personally liable for the deficiency.

No. 15-20466

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same legal standards as the district court. *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A court considering summary judgment must construe all facts and evidence in the light most favorable to the nonmovant, must draw all reasonable inferences in favor of the non-movant, and must refrain from making credibility determinations and weighing the evidence. *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Nevertheless, the court reviews the district court's refusal to grant a continuance for abuse of discretion. *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006).

## DISCUSSION

Self alleges that the district court abused its discretion by failing to grant him a continuance in order to allow discovery related to the liens which formed the basis of Fannie Mae's claim for non-monetary breach. Moreover, Self alleges that the district court committed error in granting Fannie Mae's motion for summary judgment and entering a final judgment against him.

Rule 56(f) authorizes a district court to "order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had." Nevertheless, "[a] party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Adams*, 465 F.3d at 162 (citations and quotations omitted). "Even though rule 56(f) motions should be liberally granted, '[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear

3

abuse.'" *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev., B.V.*, 213 F.3d 841, 855 (5th Cir.) (internal quotation marks omitted), *cert. denied*, 531 U.S. 979, 121 S.Ct. 426, 148 L.Ed.2d 435 (2000)). Here, the district court did not abuse its discretion in the denying Self's request for a continuance. Self alleged that some of the liens were either paid or not valid, but he failed to provide support for his assertions and specifics as to what evidence he wanted to acquire. Moreover, he failed to show how that information was relevant because even if Self could establish that the liens were paid off or expired, such information would not negate his failure to timely secure the release of record of the liens or otherwise timely cure the liens as required under the plain and unambiguous language in the parties' loan documents.

Furthermore, the district court correctly entered summary judgment for Fannie Mae against Self because the evidence proved a breach under the loan documents and that Self is fully liable for the breach. Self does not challenge the existence of the guaranty. Self also does not contend that Maxey was current on its payments. Finally, while Self contends that the liens on the property were invalid, he does not contest their existence. Maxey failed to cure the default and to secure a release of the liens or otherwise remedy them as required by the loan documents. Thus, there was a default along with a material breach. Accordingly, we **AFFIRM**.