United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60105
Summary Calendar

_____

DANNY WILLIAMS

Plaintiff - Appellant

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL, UNITED STATES DEPARTMENT
OF JUSTICE FEDERAL BUREAU OF PRISONS

Defendants - Appellees

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:03-CV-442
---------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Danny Williams appeals from the district court's order
granting summary judgment to the defendants in his Title VII suit
alleging discrimination based on race and gender.  We review the
district court's order de novo.  American Home Assur. Co. v.
United Space Alliance, LLC, 378 F.3d 482, 486 (5th Cir. 2004);
see also FED. R. CIV. P. 56.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams presents no argument in his brief concerning allegations of discrimination based on gender. Accordingly, those claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly, Williams offers no argument concerning the district court's conclusion that Williams exhausted administrative remedies only with respect to incidents occurring after March 27, 2002, which was 45 days prior to his first contact with the EEO Counselor, and that all other claims were unexhausted and time-barred. By failing to address the basis of the district court's decision, Williams has abandoned claims related to incidents prior to March 27, 2002. See Yohey, 985 F.2d at 224-25; Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Williams argues that he was demoted from Food Services Administrator to Training Instructor as a result of Associate Warden Fisher's racial animus and conspiracy with other prison supervisory officials. To establish a prima facie case of discrimination, a plaintiff must have shown that (1) he was subject to adverse treatment or was denied an employment benefit or opportunity by the employer; (2) he as a member of a protected group; and (3) a similarly situated individual not a member of his protected group was treated more favorably. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Auguster v. Vermilion Parish School Bd., 249 F.3d 400, 403 (5th Cir. 2001). Williams has not shown that persons outside of a

protected class were treated more favorably than he or that the legitimate performance-related reason articulated by the defendants for the demotion was pretextual.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

Williams also argues that he received ineffective assistance of counsel because his attorney did not produce testimony from witnesses that allegedly would have created a genuine issue of material fact.  The right to effective assistance of counsel does not apply in a civil context.  Sanchez v. U.S. Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986).  Williams further asserts in his statement of issues that the defendants ignored an order from the EEOC to take corrective action regarding his complaint.  This issue is not addressed because it is raised for the first time on appeal and is inadequately briefed.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); Yohey, 985 F.2d at 224-25.  The district court did not err in its summary judgment order.

AFFIRMED.