# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

14-30212
Summary Calendar

VALVETTA MCGEE-HUDSON,

Plaintiff - Appellant

v.

AT&T; BELLSOUTH TELECOMMUNICATIONS, L.L.C.,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 12-CV-538

---

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Valvetta McGee-Hudson ("McGee-Hudson"), proceeding pro se, appeals the district court's grant of summary judgment in favor of her former employer, Defendant-Appellee AT&T/BellSouth Telecommunications ("BellSouth") on her race and gender discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Finding no error, we AFFIRM the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30212

I.    BACKGROUND

McGee-Hudson, an African-American female, was working for BellSouth in a management position as a Sales Coach when BellSouth terminated her. BellSouth gave the following reasons for the termination:  (1) McGee-Hudson allowed a sales associate to use her company credit card and more than $12,000 of unauthorized purchases were made with it; and (2) McGee-Hudson sent harassing and demeaning text messages and emails to subordinate employees.

McGee-Hudson brought the instant suit alleging that her termination was based on her race and gender.  In her complaint, McGee-Hudson alleged that BellSouth did not terminate three males for violating the Code of Business Conduct policy.  She also alleged that BellSouth did not terminate Eva Pierce, a white female, for making unauthorized purchases with the company credit card.  Both McGee-Hudson and BellSouth moved for summary judgment.  The district court ruled that the other employees were not similarly situated to McGee-Hudson, and thus, she had not shown a prima case of disparate treatment based on her race or gender.  The district court alternatively ruled that even if she had demonstrated a prima facie case, she "failed to adduce any evidence to demonstrate either that the reasons offered by BellSouth were not the true reasons for her termination or that BellSouth was actually motivated by unlawful discrimination."  District Court Op. at 10.  McGee-Hudson now appeals.

II.    ANALYSIS

We review a grant of summary judgment de novo, applying the same standards as the district court.  *Am. Home Assurance Co. v. United Space Alliance, LLC,* 378 F.3d 482, 486 (5th Cir. 2004).  "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine

2

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Id.*; *see also* FED. R. CIV. P. 56(a).

"Title VII creates a federal cause of action for two largely separate theories of discrimination, disparate treatment and disparate impact." *Pacheco v. Mineta,* 448 F.3d 783, 787 (5th Cir. 2006). A claim of disparate treatment involves an allegation that an employer discriminated against the employee based on the race, color, religion, sex, or national origin of the employee. *Id.* In contrast, a claim of disparate impact "addresses employment practices or policies that are facially neutral in their treatment of those protected groups, but, in fact, have a disproportionately adverse effect on such a protected group." *Id.*

McGee-Hudson contends that the district court failed to address her claim of disparate impact. Brief at 4 (alleging that BellSouth "engaged in an unlawful discriminatory practice in making decisions regarding discipline based on disparate impact"). However, McGee-Hudson's complaint did not raise a claim of disparate impact; instead, her complaint raised a claim of disparate treatment. *See* Complaint at p. 4 (alleging that she and two other black females were discriminated against "because of their race and gender"). To establish a prima facie case of disparate impact, a plaintiff must demonstrate "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class." *Id.* at 792. McGee-Hudson has failed to allege either a factual basis for the disparate impact claim or a neutral policy that was implemented by BellSouth. Thus, McGee-Hudson's contention that the district court erred in failing to address a disparate impact claim is without merit. *Cf. id.* at 792 (holding that an employee failed to exhaust a claim of disparate impact because the EEOC

3

charge alleged only disparate treatment and identified no neutral employment policy).[1]

McGee-Hudson also contends that the district court erred in failing to consider the affidavit of Angette White and the declaration of Brandie Small. She asserts that this evidence supports her claim of disparate impact. Although the district court did not expressly reference either statement in its order, there is no indication that the court did not consider the evidence. Moreover, in their statements, neither White nor Small identify a neutral policy that disproportionately affected them. Indeed, both their statements alleged that BellSouth discriminated against them because of their race and gender, which is relevant to a disparate treatment claim—not a disparate impact claim. Thus, McGee-Hudson's contention that this evidence supports a claim of disparate impact fails.

Accordingly, for the above reasons, the judgment of the district court is AFFIRMED.

---

[1]  BellSouth contends that the district court properly held that the claim of disparate treatment was without merit because the evidence was not sufficient for a trier of fact to conclude that BellSouth terminated McGee-Hudson based on her race or gender. We need not address this contention because McGee-Hudson expressly disavows any disparate treatment claim under 42 U.S.C. § 2000e-2(a)(1). Blue brief at 5, 11–12. Nonetheless, even had McGee-Hudson raised a disparate treatment claim in her brief, it would have failed because the employees who were not terminated were not similarly situated to her. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009) (explaining that "employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated"). Eva Pierce, a white female who was not terminated, was not in a management position and thus had different work responsibilities than McGee-Hudson. The three male employees who were not terminated were accused of violations that were dissimilar to McGee-Hudson's violations. Thus, we would find no error in the district court's ruling on the disparate treatment claim.