# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

————

VALVETTA MCGEE-HUDSON,

Plaintiff - Appellant

v.

SHELDON W. SNIPE, Attorney for Defendants, AT&T and BellSouth
Telecommunications, L.L.C.; AT&T; BELLSOUTH
TELECOMMUNICATIONS, L.L.C.,

Defendants - Appellees

————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-796

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Valvetta McGee-Hudson ("Plaintiff") sued "AT&T," (later changed to reflect the correct entity, BellSouth Telecommunications, LLC) ("BellSouth") for employment discrimination in the Middle District of Louisiana under Case No. 3:12-cv-00538 ("Case I"). Judge James Brady (now deceased) presided and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30524

attorney Sheldon Snipe represented the Corporate Defendants.   Plaintiff proceeded pro se.  One dispute reflected in the joint status report was whether Plaintiff had stated a disparate impact claim:   she said she had, while BellSouth argued that she had stated only a disparate treatment claim.

In February of 2014, the district court in Case I entered a final summary judgment in favor of BellSouth.  *McGee-Hudson v. BellSouth Telecomms., LLC*, No. 3-12-cv-00538, 2014 U.S. Dist. LEXIS 20452 *17 (M.D. La. Feb. 19, 2014). Plaintiff appealed, and this court affirmed, specifically concluding that her complaint did not allege disparate impact, only disparate treatment.  *McGee Hudson v. AT&T*, 587 F. App'x 134, 135-36 (5th Cir. 2014) (per curiam).  The Supreme Court denied certiorari.  *McGee-Hudson v. AT&T*, 135 S. Ct. 1551 (2015).  Despite Plaintiff's understandable disappointment at losing the case, that should have ended the matter.

Unfortunately, it did not.  Plaintiff filed a new case, this time suing the "United States of America,"[1] Judge Brady, Attorney Snipe, "AT&T" and BellSouth under Case No. 3-16-cv-00796 in the Middle District of Louisiana ("Case II").  The district court granted Judge Brady's motion to dismiss based upon absolute judicial immunity.[2]   Thereafter, summary judgment was granted to the remaining defendants, and a final judgment was entered dismissing all the defendants in the case.

Plaintiff alleges that Snipe's arguments on behalf of BellSouth regarding her pleadings (or lack thereof) of disparate treatment and disparate impact constitute fraud on the court, justifying the filing of Case II.  For the reasons

---

[1] The case against the United States of America was dismissed without prejudice on July 10, 2017; Plaintiff does not appeal that order.

[2] Although Plaintiff appealed this order, she only briefed absolute immunity in passing, so her appeal as to Judge Brady fails for inadequate briefing.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

2

carefully and thoroughly stated by the district court, these arguments are wholly without merit and constitute an improper effort to relitigate Case I which was already decided adversely to Plaintiff.

AFFIRMED.