# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20338

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

MR. CHARLES MAX MCLENDON,

Plaintiff - Appellee

v.

BIG LOTS STORES, INCORPORATED; PNS STORES, INCORPORATED,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CV-2449

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Charles McLendon sued Big Lots Stores and PNS Stores[1] ("PNS") following a slip and fall. After a jury verdict in the damages trial, PNS filed a motion pursuant to Federal Rule of Civil Procedure 59 for a new trial, remittitur, or alternatively to alter or amend the judgment. The district court denied the motion. PNS timely appealed the final judgment. We AFFRIM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] PNS is the parent company of Big Lots.

No. 13-20338

## I. Factual and Procedural Background

McLendon slipped and fell in a Big Lots parking lot and sustained injuries, including fractured wrists, a partially torn rotator cuff in his shoulder, and a bloodied nose. Because PNS stipulated to negligence, the sole issue at trial was damages. At trial, McLendon testified to his injuries and also that he experienced significant, lasting pain that interfered with his ability to do things he used to do. He attended physical therapy and continued to use painkillers because his wrists and shoulder never fully healed.

Before the case was submitted to the jury, PNS moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), claiming insufficient evidence to prove mental anguish. The district court denied the motion, and the jury returned a verdict totaling $201,210.51 in damages for past and future physical pain and mental anguish, past disfigurement, past and future physical impairment, and past and future medical expenses. PNS did not file a Rule 50(b) renewed motion for judgment as a matter of law.

After judgment was entered, PNS filed an untimely Rule 59 motion for a new trial, remittitur, or alternatively to alter or amend judgment, claiming the damages award was excessive and that McLendon's counsel made prejudicial remarks during closing argument. The district court denied PNS's Rule 59 motion. That same day, PNS filed a timely notice of appeal of the final judgment but did not mention the ruling on the new trial motion in the notice. In its initial brief, PNS contended that the district court abused its discretion in denying its Rule 59 motion. PNS also contended that the evidence was not sufficient to sustain the damages award and that McLendon's counsel acted inappropriately and made prejudicial comments during his closing argument.

## II. Discussion

This court reviews a denial of a Rule 59 motion for abuse of discretion. *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 731 (5th Cir. 2011). PNS

2

now concedes that it filed its Rule 59 motion one day late, and therefore the district court did not abuse its discretion in denying the motion. Thus we need not address the failure of the notice of appeal to list the order denying a new trial. *See Funk v. Stryker Corp.*, 631 F.3d 777, 781 (5th Cir. 2011); *Bailey v. Cain*, 609 F.3d 763, 765–66 (5th Cir. 2010) (addressing requirements for a notice of appeal); *see also* FED. R. APP. P. 4(a)(4)(B)(ii); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1326 (5th Cir. 1985).

We next turn to PNS's claim that there was insufficient evidence of damages. While PNS filed a Rule 50(a) motion challenging the sufficiency of evidence for McLendon's claims of mental anguish, PNS did not file a post-verdict Rule 50(b) renewed motion and never timely challenged the sufficiency of the evidence underlying any of the other damage categories. Absent a post-verdict 50(b) motion, we are "powerless" to compel, on the basis of insufficiency of the evidence, the district court to enter judgment contrary to the one it allowed to stand or to order a new trial. *Ortiz v. Jordan*, 131 S. Ct. 884, 892 (2011)("Absent [a Rule 50(b)] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial."); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006)(holding that the lack of a Rule 50(b) motion deprives the appellate court of the power to review insufficiency of the evidence); *see Downey v. Strain*, 510 F.3d 534, 543 (5th Cir. 2007) ("[A] Rule 50(b) motion is necessary to preserve an argument for appellate review even when a Rule 50(a) motion was denied after all the evidence was presented . . . ." (citing *Unitherm*, 546 U.S. at 405–06)). Therefore, we decline to review PNS's unpreserved sufficiency claim.[2]

Finally, PNS challenges as improper statements made and actions taken

---

[2] Although our cases are not entirely uniform, *Price v. Rosiek Construction Co.*, 509 F.3d 704, 707 (5th Cir. 2007), and *Downey*, 510 F.3d at 543, issued the same week, were our earliest published decisions following *Unitherm* to address this issue, and both held that we

No. 13-20338

by McLendon's counsel during his closing argument.[3]  PNS did not object to the statements, but did object to counsel's handing his business card to the jury. Because PNS did not make contemporaneous objections to the improper comments, we review them for plain error. *See Whitehead v. Food Max of Miss. Inc.*, 163 F.3d 265, 276 (5th Cir. 1998).  Taken in context, we conclude that PNS has failed to establish that reversal is warranted under plain error review because it has not shown that any error affected its "substantial rights," as required to prevail under plain error review. *See Escalante-Reyes*, 689 F.3d at 424 (party arguing for a reversal under plain error review must show that error affected its "substantial rights"); *see also United States v. Rashad*, 687 F.3d 637, 643–44 (5th Cir. 2012) (holding that where the improper comments are not shown to cast serious doubt on the correctness of the jury verdict, there can be no plain error).  We also conclude that PNS was not prejudiced by counsel's

---

are without power to review unpreserved sufficiency claims.  We are bound by this precedent. *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012) (where two lines of Fifth Circuit cases are in conflict, the general rule is to follow the earliest case).  We note that while some Fifth Circuit cases citing *Unitherm* have engaged in plain error review for unpreserved sufficiency challenges, none have exercised their discretion to grant relief. *See, e.g., Sheperd v. Dall. Cnty.*, 591 F.3d 445, 456 (5th Cir. 2009); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 995–96 (5th Cir. 2008).  In determining whether there should be reversal for plain error, we have broad discretion that should not be exercised unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation and internal quotation marks omitted); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) ("[W]e do not view the fourth prong as automatic if the other three prongs are met.").  In light of *Unitherm*'s holding, even if we had the power of plain error review, it would not be an abuse of our broad discretion to decline to engage in plain error review of unpreserved sufficiency challenges. *See id.* Furthermore, even under plain error review, any error was not clear or obvious because there is *some* evidence for each point of the award. *See Md. Cas. Co. v. Acceptance Indem. Ins. Co.*, 639 F.3d 701, 708 (5th Cir. 2011) (the question under plain error is whether "any evidence" exists to support the jury award).  Thus, even if we had the power to engage in plain error review here, PNS would not prevail.

[3] McLendon's counsel stated that, given the size of PNS, its negligence was "unacceptable," and he made a religious reference, suggesting that by stipulating liability, PNS was "repenting."

4

No. 13-20338

odd tactic of handing his business card to the jury during argument, especially in light of the court's curative instructions and PNS's failure to move for a mistrial. *See Learmonth*, 631 F.3d at 733 ("[T]he failure of defense counsel to seek a mistrial suggests that any lingering prejudice from the improper comments was minimal." (citation and internal quotation marks omitted)).

AFFIRMED.