# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51199
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
November 16, 2017

Lyle W. Cayce
Clerk

OSCAR OSBALDO CRUZ-CRUZ, an individual; EVELYN TEJEDA-BARCENAS, an individual; MARIA ISABEL ORTEGA-MARTINEZ,

Plaintiffs - Appellants

v.

MARIA ISABEL CALYMAYOR-BARRIOS,

Defendant - Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-342

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Oscar Cruz-Cruz, Evelyn Tejeda-Barcenas, and Maria Ortega-Martinez (collectively, "Appellants") brought suit against Defendant-Appellee Maria Calymayor-Barrios ("Appellee") alleging violations of the Fair Labor Standards Act ("FLSA"). After a four-day jury trial, the jury returned a verdict in favor of Appellee and the district court entered judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51199

in accordance with the verdict, followed by a judgment awarding a bill of costs. Appellants filed a notice of appeal as to both judgments. We affirm.

## I.

All three Appellants and Appellee are citizens of Mexico. Appellee hired Appellants as domestic employees and obtained temporary visas for them to travel from Mexico to the United States to live with and work for Appellee for limited periods of time between 2013 and 2015. Cruz-Cruz was hired as a "driver," Tejeda-Barcenas was hired as a "nanny," and Ortega-Martinez was hired as a "cook."

Appellants filed suit against Appellee in April 2015 asserting: (1) unpaid federal minimum wages and overtime under the FLSA and (2) a common law cause of action for false imprisonment.[1] Appellee moved for summary judgment on both sets of claims and the district court granted summary judgment as to the false imprisonment claims only. Thereafter, a four-day jury trial was held in August and September of 2016 on the remaining FLSA claims and the jury returned a verdict in favor of Appellee. The district court rendered a judgment in accordance with the verdict and, in a separate subsequent judgment, awarded modified costs in the amount of $7,935.94 in favor of Appellee. Appellants did not file a pre-verdict motion for judgment as a matter of law or a post-judgment motion for new trial. *See* Fed. R. Civ. P. 50(a),(b). Appellants filed this appeal as to both judgments.[2]

---

[1] Only Tejeda-Barcenas and Ortega-Martinez asserted false imprisonment claims.

[2] Appellants fail to brief their appeal of the district court's judgment awarding modified costs to Appellee dond concede that they have abandoned the issue. Accordingly, we hold the issue to be waived. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) (holding that any issue not briefed on appeal is waived).

No. 16-51199

## II.

Although Appellants never moved for judgment as a matter of law, either before or after the jury verdict, they contend on appeal that this court should review the sufficiency of the evidence. We disagree.

Because Appellants failed to file either a pre or post-verdict motion under Rule 50, "we are 'powerless' to compel, on the basis of insufficiency of the evidence, the district court to enter judgment contrary to the one it allowed to stand or to order a new trial." *McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373 (5th Cir. 2014) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011) ("Absent [a Rule 50(b)] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial." (citing *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006))). Accordingly, we decline to review Appellants' unpreserved sufficiency claim.[3]

## III.

For the aforementioned reasons, we AFFIRM the district court's judgments in favor of Defendant-Appellee Maria Calymayor-Barrios.

---

[3] Even if we were to review under a plain error standard of review, Appellants' challenges to the sufficiency of the evidence would still fail. *Seibert v. Jackson Cty., Miss.*, 851 F.3d 430, 435 (5th Cir. 2017) (stating that when a party fails to file a Rule 50(a) motion prior to a case being submitted to the jury, any challenges to sufficiency of the evidence are reviewed for plain error). Appellee produced a multitude of written daily payroll log entries at trial reflecting the hours worked and breaks taken by each of the Appellants during their employment with Appellee. In light of this evidence, and Appellee's testimony corroborating her numerous written logs, we cannot conclude that the jury's verdict in favor of Appellee was a "manifest miscarriage of justice." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 995 (5th Cir. 2008) ("On plain error review the question before this [c]ourt is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict.").