# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2023

Lyle W. Cayce
Clerk

No. 22-20256
Summary Calendar

───────────────

Elie Nassar,

*Plaintiff—Appellant*,

*versus*

Finance of America Reverse, L.L.C.; Reverse Mortgage
Solutions, Incorporated; CELINK,

*Defendants—Appellees*.

───────────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4695

───────────────────────────────────

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

At the conclusion of a four-day trial, a jury found defendants Finance of America Reverse, L.L.C. (FAR), Reverse Mortgage Solutions, Inc. (RMS), and CELINK had not violated the terms of Elie Nassar's reverse mortgage contract. Nassar, proceeding *pro se* as he did at trial, contests the judgment on numerous bases. We liberally construe his brief. *E.g.*, *Erickson*

───────────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)). Nevertheless, Nassar's brief does not comply with Federal Rule of Appellate Procedure 28(a)(4), (6), or (8): he fails to cite applicable statutory provisions for jurisdiction; cites sparingly to the record; and does not address the applicable standards of review. Fed. R. App. P. 28(a). "[W]hile [this court] construe[s] *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure". *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Notwithstanding these serious omissions, "[t]his Court has discretion to consider a noncompliant brief, and it has allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party". *Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (footnote omitted) (citing *Wilkes*, 20 F.3d at 653). That is the situation at hand.

First, Nassar contends there was insufficient evidence for the jury's finding defendants: correctly obtained and charged him for hazard insurance; correctly declared his mortgage loan due and payable; correctly assessed and charged him for expenses related to foreclosure; had not engaged in fraud; and had not violated the Texas Debt Collection Act. Because Nassar did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), he did not preserve these contentions in district court. *See United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998) (explaining Rule 50(a)'s requirement). Accordingly, we review the sufficiency of the evidence only for plain error. *Seibert v. Jackson Cnty.*, 851 F.3d 430, 435 (5th Cir. 2017). Under such review, the standard is "whether there was *any* evidence to support the jury verdict". *Id.* at 436 (emphasis in original) (citation omitted).

Under this very strict standard, his claims fail. For example, he contends there was insufficient evidence to support the finding defendants had not engaged in fraud. At trial, both FAR and RMS denied making any

misrepresentations to Nassar about the reverse mortgage and introduced various monthly statements that listed the specific assessments and charges against Nassar. He then admitted he did not read his monthly statements.

Second, Nassar contends the court erred by excluding testimony from his accounting expert. We will not consider the merits of his contention because he fails to provide, as required by Federal Rule of Appellate Procedure 10(b), a transcript of the pretrial hearing addressing the motion to strike his expert. *See* FED. R. APP. P. 10(b)(1)–(2); *United States v. Johnson*, 87 F.3d 133, 136 n.1 (5th Cir. 1996) (declining to consider merits of issue when *pro se* appellant did not provide transcript).

Third, Nassar asserts the court erred by not allowing him to present evidence of RMS' bankruptcy. Because Nassar did not make an offer of proof at trial regarding the bankruptcy, we again review only for plain error. FED. R. EVID. 103(e); *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979) (explaining the court "will not even consider the propriety of the decision to exclude the evidence at issue, if no offer of proof was made at trial"). "Error is plain only when it is clear or obvious and it affects the [party]'s substantial rights." *U.S. ex rel. Small Bus. Admin. v. Com. Tech., Inc.*, 354 F.3d 378, 389 (5th Cir. 2003). And, a party's substantial rights are affected only if the error affected the outcome of the proceeding. *Id.* Nassar sought to introduce evidence of RMS' bankruptcy proceeding to prove it never had his mailing address and could not have sent him notices regarding his mortgage. Nassar, however, acknowledged receipt of a letter from RMS. The refusal to allow Nassar's bankruptcy evidence did not affect the outcome of the trial.

Fourth, Nassar contends the court abused its discretion when it denied his motion to amend his complaint. Nassar did not offer, in district court or here, any reason for the delay in raising new claims and facts. The district court therefore plausibly inferred that Nassar's amendments were

made in either bad faith or with a dilatory motive and did not abuse its discretion in denying the motion to amend. *E.g.*, *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021) (concluding district court's denial of leave to amend is reviewed for abuse of discretion).

Fifth, Nassar raises several challenges to the jury instructions and verdict forms issued by the court. Nassar first contends the instruction related to defendants' right under the reverse-mortgage documents and HUD guidelines to assess charges was not warranted under the facts for this case. Because Nassar did not object to the challenged instruction under Federal Rule of Civil Procedure 51, we again review only for plain error. *See* Fed. R. Civ. P. 51(d)(2). The reverse-mortgage documents and HUD regulations authorize a lender to charge an in-default borrower various costs. *See* 24 C.F.R. §§ 206.140, 206.207(a)(1)(ii). Consequently, Nassar has not demonstrated plain error. *See Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1158 (5th Cir. 2006) (outlining plain-error elements for jury instructions).

Nassar also contends the court erred when it declined to revise the verdict form's initial breach-of-liability question to specify the coverage period for the hazard insurance and the date defendants assessed the charge. Nevertheless, Nassar is not entitled to his preferred wording of a jury instruction. *E.g.*, *United States v. Ramos*, 537 F.3d 439, 465 (5th Cir. 2008). In addition, the jury repeatedly heard the charge was for the applicable coverage. Finally, the proposed revision was not factually accurate for the date RMA assessed the charge. Therefore, Nassar has not shown the court abused its discretion in denying his proposed revision. *E.g.*, *Fiber Sys. Int'l, Inc.*, 470 F.3d at 1158 (explaining our court reviews jury instructions for abuse of discretion).

Next, Nassar asserts the court erred when it refused a jury instruction related to claims arising under 12 C.F.R. § 1024.37 (regulating insurance

obtained by servicer on behalf of owner). Because Nassar failed to raise a § 1024.37 claim in his complaints, the court did not err in refusing the instruction. *See* Fed. R. Civ. P. 49(a); *Broad. Satellite Int'l, Inc. v. Nat'l Digit. Television Ctr., Inc.*, 323 F.3d 339, 342 (5th Cir. 2003) ("Under Rule 49(a) a district judge must submit to the jury all material issues raised by the pleadings and the evidence.").

Nassar additionally asserts the court erred by refusing his requested instruction on fraud, specifically a statement that fraud occurs when a person acts to deceive another for profit. This proposed instruction misstated Texas law regarding fraud. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (outlining elements of Texas fraud claim). Therefore, the court did not abuse its discretion. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 484 (5th Cir. 2021) (holding court did not err in refusing requested instruction that misstated law).

For the sixth, and final issue, Nassar challenges defendants' closing arguments, asserting they knowingly lied about the evidence. Because Nassar did not object during the closing, our court again reviews only for plain error. *E.g.*, *McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373, 375 (5th Cir. 2014) (comments unobjected to during closing reviewed for plain error). Again, to prevail under plain-error review, Nassar must show, *inter alia*, the claimed errors affected his "substantial rights". *Id.* Defendants' closing arguments were based upon evidence presented during trial. Taking also into consideration the jury charge, Nassar has not otherwise demonstrated any plain error related to this issue. *See id.*

AFFIRMED.