# United States Court of Appeals for the Fifth Circuit

No. 22-50062
CONSOLIDATED WITH
No. 22-50280

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2025

Lyle W. Cayce
Clerk

HECTOR MARRUFO,

*Plaintiff—Appellee*,

*versus*

DANNY COUCH; AMBER COUCH,

*Defendants—Appellants*.

Appeals from the United States District
Court for the Western District of Texas
USDC No. 7:19-CV-64

Before KING, RICHMAN, and HIGGINSON, *Circuit Judges*.
PRISCILLA RICHMAN, *Circuit Judge*:*

This case was removed to federal court on the basis of diversity of citizenship. Hector Marrufo agreed to purchase an auto mechanic's shop from Danny and Amber Couch, and when that sale was not consummated, he sued them, alleging breach of contract and other claims. A jury found in

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50062
c/w No. 22-50280

favor of Marrufo, and the district court awarded him damages and attorneys' fees. The Couches appeal the adverse judgment and also request that we vacate and remand the district court's attorneys' fee award since the trial fees were not segregated by claim and conditional appellate fees were not proven. By failing to file any post-verdict motions, the Couches may have forfeited their ability to seek appellate review as to the sufficiency of the evidence supporting the jury's verdict. Even assuming such review is proper, there was evidence to support the jury's verdict, so we affirm. Because the Couches did not object to the lack of fee segregation and because Marrufo was not required to request or prove conditional appellate fees, we affirm the trial fee award and remand for an initial determination and award of appellate fees.

## I

Danny and Amber Couch entered into a contract for the sale of their Texas auto mechanic's shop to one of their employees, Hector Marrufo. Danny Couch and his sister, Tiffany Farrar, who handled the business's taxes, prepared a Loan Agreement to memorialize the terms of the transaction. The Couches loaned Marrufo the sale price of $432,000, and Marrufo was required to make monthly payments on the loan until he had paid it back in full, at which point the Couches would transfer legal title. The agreement listed real property, the ongoing business, and tools and equipment as security for the loan, all of which could be repossessed by the Couches in the event of default. The agreement also specified that if any payment was sixty days late, the property and business would revert back to the Couches. Marrufo made a down payment and every monthly $9,000 installment, totaling $449,622.

The Loan Agreement also stated that Marrufo would "be responsible for all debts associated with Danny's Mobile Repair LLC. All vendors and

2

No. 22-50062
c/w No. 22-50280

bills must be paid and kept current until loan is paid in full." The parties signed the Loan Agreement in December 2016. For the two years after the contract was signed, while Marrufo was making payments, Couch and Farrar repeatedly assured Marrufo that all the bills were paid and current. In November 2018, Couch informed Marrufo that there were delinquent federal taxes from the year 2016 "in the amount of [$]72 to $73,000" and said if Marrufo "could not pay them out-of-pocket, [Couch] was going to close [the business] down." Couch refused to show Marrufo the tax forms corroborating this claim, telling Marrufo that the forms were "only for [Couch] to see," then telling Marrufo to leave the shop. Couch changed the locks the next day.

After the Couches refused to transfer title to the business, Marrufo sued them for breach of contract and asserted several other state law claims. After a jury trial, at which the Couches appeared pro se, the jury returned a verdict that the Couches had breached the Loan Agreement and Marrufo had not. The jury awarded Marrufo $207,000 in damages for breach of contract, and the court awarded attorneys' fees of $134,611.58 and costs of $5,243.10. The Couches did not object to the jury instructions or charge, move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) or (b), or move for a new trial under Rule 59(a).[1] On appeal, the Couches challenge the sufficiency of the evidence supporting the jury's verdict and the award of attorneys' fees.

## II

To begin, the Couches challenge the sufficiency of the evidence to support the jury's verdict. There is no dispute that the Couches neither moved for judgment as a matter of law under Federal Rule of Civil Procedure

---

[1] *See* FED. R. CIV. P. 50(a)-(b), 59(a).

3

No. 22-50062
c/w No. 22-50280

50(a) nor moved for a new trial under Federal Rule of Civil Procedure 59. Some precedent indicates that a plaintiff's failure to file such motions forfeits the right to argue that the evidence was insufficient to support the verdict on appeal.[2] Other cases, however, indicate that plain error review applies in such a situation.[3] When plain error review applies, we "will not reverse if *any* evidence supports the jury verdict."[4] Because the jury verdict should be affirmed even applying plain error review, we need not decide the issue of forfeiture.

The Couches argue that the jury verdict must be overturned because the evidence conclusively established that Marrufo, not they, breached the Loan Agreement. First, they contend that Marrufo did not fulfill his responsibility to make monthly payments on the loan. According to the Couches, the evidence showed that Marrufo made monthly payments on the loan from the business account rather than from Marrufo's personal account. Per the Couches, such payments were simply their due as owners of the business and could not be considered payments towards the loan.

However, evidence produced at trial supports that Marrufo, not the Couches, owned the property and business. Although the Couches loaned

---

[2] *See, e.g.*, *Acadian Diagnostic Labs., LLC v. Quality Toxicology LLC*, 965 F.3d 404, 413 (5th Cir. 2020) (finding that "[b]y failing to file [either a Rule 50(a) or Rule 59 motion] in the district court, [the plaintiff] forfeited its ability to seek appellate review of the jury verdict").

[3] *See Moss v. Princip*, 913 F.3d 508, 522 (5th Cir. 2019) ("When a challenge to the sufficiency of the evidence is not preserved for appellate review, '[w]e review . . . for plain error . . . .'" (quoting *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 257 (5th Cir. 2017))); *see also McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373, 375 n.2 (5th Cir. 2014) (per curiam) (unpublished) (citing cases on whether an appellate court has the power to hear unpreserved sufficiency claims and noting that, while some courts have applied plain error review, none that have done so have granted relief).

[4] *Moss*, 913 F.3d at 522 (quoting *NewCSI, Inc.*, 865 F.3d at 257).

No. 22-50062
c/w No. 22-50280

Marrufo money and secured that loan with an interest in the property and business, evidence at trial showed that the Couches' security interest was not an ownership interest in the business. Indeed, the Loan Agreement, which was introduced at trial, contained language confirming that the "property and business will *revert* back to Danny and Amber Couch" should Marrufo default on his payments. The jury was also entitled to rely upon Marrufo's testimony that he did make the monthly payments.[5]

Next, the Couches argue that Marrufo breached the contract by failing to pay all debts associated with the business. Specifically, they contend that Marrufo's failure to pay the Couches' overdue taxes from 2016 breached the agreement. Yet at trial, Danny Couch testified that he understood that he was responsible for the 2016 taxes, and Marrufo testified that he never understood "all debts" to include the Couches' personal tax liability from 2016. Accordingly, there was evidence from which the jury could find that Marrufo did not breach the Loan Agreement by not paying the 2016 taxes. The Couches also contend that the term "all debts" in the Loan Agreement necessarily encompasses taxes. To the extent that this challenge goes beyond a sufficiency-of-the-evidence challenge and raises a new legal argument, it is

---

[5] *See Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 238 (5th Cir. 2014) ("For it is the function of the jury as the traditional finder of the facts, and not for the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." (quoting *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (internal quotation marks omitted))).

No. 22-50062
c/w No. 22-50280

forfeited.[6] For these reasons, we affirm the jury's verdict under plain error review.

## III

The Couches challenge both the trial court's attorneys' fee award and Marrufo's request for appellate attorneys' fees. "In diversity cases state law governs the award of attorney's fees."[7] We first address the trial attorneys' fees. The Couches argue that the fee award must be vacated because Marrufo did not segregate fees as to his specific claims as required by Texas law. A review of the record shows that the Couches did not oppose Marrufo's motion for attorneys' fees or object to the lack of segregation, and the Couches do not dispute this. "The [] Supreme Court [of Texas] has clearly stated that when a party against whom attorney's fees are sought . . . does not object to the fact that attorney's fees are not segregated as to specific claims, then that party has waived such objection, and the error is not preserved for appeal."[8]

The Couches cite to *American Home Assurance Co. v. United Space Alliance, LLC*,[9] asking that if we remand for an appellate fee calculation, we also remand the segregation issue. In *American Home*, the award of trial attorneys' fees needed to be remanded for a reasonableness and necessity

---

[6] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal . . . ." (citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017))).

[7] *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021) (quoting *Tex. Com. Bank Nat'l Ass'n v. Cap. Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990)).

[8] *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 494 (5th Cir. 2004) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389-90 (Tex. 1997)).

[9] 378 F.3d 482 (5th Cir. 2004).

No. 22-50062
c/w No. 22-50280

determination, and since "segregation is an essential component of reasonableness," the segregation issue needed to be addressed on remand as well.[10]  However, we explained that the remand on both issues was "proper because our remand is based on the failure to address reasonableness and not segregation alone, which would have precluded reversal and remand due to [American Home's] failure to object at trial."[11]  Here, since the Couches do not contend (and we do not find) that the trial fees were unreasonable, the remand would be for segregation alone, which has been precluded by the Couches' failure to object at trial.

We turn to appellate attorneys' fees.  "Under Texas law, if a party is entitled to recover attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal."[12]  Although a Texas court of civil appeals will not have jurisdiction to initiate appellate attorneys' fees and so appellate attorneys' fees must be conditionally requested at the trial level, "[t]hose are procedural rules that do not apply in federal court."[13]  "Our local rules provide for appellate litigants to petition this court for appellate attorneys' fees" and do "not require a party seeking appellate attorneys' fees to first request appellate attorneys' fees in the

---

[10] *Id.* at 494.

[11] *Id.* at 494-95.

[12] *ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210, 218 (5th Cir. 2020) (citing *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003)).

[13] *Id.* at 219.

No. 22-50062
c/w No. 22-50280

district court as a placeholder."[14]  A remand for a determination of appellate attorneys' fees is appropriate.[15]

*       *       *

We AFFIRM the judgment and trial fee award.  We REMAND to allow the district court to make the initial determination and award of appellate attorneys' fees to Marrufo.

---

[14] *Id.* (first citing 5TH CIR. R. 47.8; and then citing *Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 467-68 (5th Cir. 1980)).

[15] *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) ("The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal. . . . We remand in order to allow the district court to make the initial determination and award of appellate attorney's fees.").